THOMAS *v.* FEIBELMAN *et al.*

(Division B. Jan. 30, 1933.)

[145 So. 607. No. 30398.]

Dunn & Snow, of Meridian, for appellant.

Gilbert & Cameron, of Meridian, for appellees.

**Griffith, J.,** delivered the opinion of the court.

Appellant was the lessee and operator of a store at a street corner. In and at this store he served cold drinks and other such things as are commonly sold at a small combination grocery store and gasoline filling station. In order the better to serve and to accommodate the customers, the building was so constructed as that a portion of the corner thereof next to the street corner was converted into a "drive-in" space, this space being triangular in shape, and in the wall constituting the base of the triangle there was a screen door which was the main entrance into and exit from the store. On the occasion in question, appellant was in the act of making his exit through said door, having at the time a tray loaded with cold drinks and which required the use of both his hands, these drinks to be delivered to a customer then in waiting in an automobile on the street to the northeast. At the moment appellant emerged from the door, the servant of appellees drove an automobile violently against the screen, which in turn was thrown with great force

against appellant, causing the personal injuries for which this suit was brought. On the trial there was a verdict for the defendants, and the plaintiff has appealed.

Without going into the instructions or any of the arguments in detail, we are of the opinion that the motion for a new trial should have been sustained on the ground that ''the verdict of the jury is contrary to the evidence.'' The testimony is without substantial dispute on the issue of liability, and we fail to find anything therein upon which the conclusion could be reasonably based that the plaintiff was guilty of any negligence; or, if it be conceded for the sake of the argument, that he was guilty of some contributory negligence, certain it is, on this record, he was not guilty of negligence which was the sole proximate cause of the injury, and which would have to be the case to bar him under our comparative negligence statute.

Appellant had the right to maintain the screen door opening into the private driveway. He had a right to have the screen door opening outward as screen doors usually open. He had a right to use this screen door and to go through it to the private driveway maintained by him for the benefit of his customers and for the use also of himself in serving his customers. The screen door was only three feet wide; the private driveway was fifteen feet wide; and the diagram of the premises, admitted by both parties to be correct, shows that it was twenty-six feet from the door to the curb of the street from whence the driver of appellees' car turned into the private driveway. Yet this driver turned into the driveway at a rate of from twelve to fifteen miles an hour, missed the ample open and clear space in the driveway, and proceeded at this unchecked speed so close to the wall as to strike the screen door and injure appellant, as appellant was in the act of emerging through said door. Granted that appellant had the right to maintain and use his screen door, as it

must be granted, then to adopt appellees' theory, which, as we understand their contention, is that appellant's negligence in emerging from the door was the sole proximate cause of the injury, appellant would have to employ a private watchman to warn him of the approach of cars running so close to the wall as to strike the door. Appellant was not required to take that course, or even to anticipate as a natural or probable occurrence that any person would drive so near the wall on this private driveway as to hit the door. Rather than this, he was entitled to indulge the assumption that persons coming into this private driveway would do so with caution, would keep away from the wall and door, and would enter at such a moderate rate of speed that there would be no probability of injury to those who would be standing in or walking upon, or entering into said private driveway, and that he himself in serving his customers within said driveway would not be run into or run over by automobiles, or for that matter by any other vehicle.

In Ulmer v. Pistole, 115 Miss. 485, 76 So. 522, it was held that the driver of an automobile must keep his machine constantly under control, and must continue on the alert for pedestrians or others who may be on the streets, and must anticipate their presence, and that he must especially be upon guard at places where other persons or vehicles are to be reasonably expected to be. And in Synder v. Campbell, 145 Miss. 287, 110 So. 678, 49 A. L. R. 1402, the rule was enforced even in favor of a pedestrian who was attempting to cross the street at a point forbidden by ordinance. The rule has never been veried or relaxed by this court, and much more strongly and firmly must it be applied when the driver is entering upon a private driveway used, as in this case, for the service of customers, and where, therefore, the customers and the servitors have the right to be and who are there to be expected.

Appellees' driver was entirely familiar with the place and all its surroundings in detail. He had been there on business for appellees on numerous occasions, one of which occasions was on the morning before the injury. He made but one excuse for his conduct in inflicting the injury complained of, and that was that he was blinded by the headlights of another car as he entered the driveway, this other car being, not in the driveway, but in the adjacent street to the northeast. If this shall be accepted as an excuse for running into and injuring others, then all, or nearly all, injuries at night may be likewise excused, for in town or city streets drivers are seldom out of view of the lights of other cars glaring in their faces. There may be an occasional case when the glare of headlights may produce an emergency which would serve as an excuse, and relieve the driver of the charge of negligence, but the situation here before us on this record is not, in our opinion, such a case.

Reversed and remanded.